# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF RYAN J. MITCHELL,
by its Special Administrator
Susan Mitchell Metz,

      Plaintiff,

      v.                        Case No.:

CITY OF WAUPUN;
MICHAEL NAVIS (in his
individual capacity); and
TREVOR KREITZMAN (in his individual
capacity);

      Defendants.

---

## COMPLAINT

---

NOW COMES THE PLAINTIFF, The Estate of Ryan J. Mitchell, by its Special Administrator Susan Mitchell Metz, by its attorneys, Gingras, Thomsen & Wachs, LLP, by Dana J. Wachs and Paul A. Kinne, and Attorney Erik Johnson, of Gregory R. Wright Law Offices. S.C., who hereby states the following as the Complaint in the above-referenced matter.

### NATURE OF PROCEEDINGS

1.    This is a civil action under 42 U.S.C. sec. 1983, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, including but not limited to the Substantive Due Process Clause, brought to redress the defendant's deliberate indifference to a serious medical condition, namely suicide, that resulted in the death by suicide of Ryan J. Mitchell ("Mitchell").

### PARTIES

2.    At all times relevant to this action, Ryan J. Mitchell ("Mitchell") was an adult

resident of the State of Wisconsin. He died on November 18, 2017. Accordingly, his estate, by Special Administrator Susan Mitchell Metz, is the proper plaintiff.

3. City of Waupun is a municipal corporation organized pursuant to the laws of the State of Wisconsin.

4. At all times relevant hereto, Michael Navis ("Navis") has been a police officer at the City of Waupun Police Department. All actions attributed to him in this Complaint were undertaken in his individual capacity and under color of state law. Moreover, his actions were intentional and / or reckless.

5. At all times relevant hereto, Trevor Kreitzman ("Kreitzman") has been a police officer at the City of Waupun Police Department. All actions attributed to him in this Complaint were undertaken in his individual capacity and under color of state law. Moreover, his actions were intentional and / or reckless.

**JURDISDICTION and VENUE**

6. This Court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. sec. 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. secs. 1331 and 1343.

7. Venue in the Eastern District of Wisconsin pursuant to 28 U.S.C. sec. 1391 is proper insofar as the defendant is located in this district, and the events giving rise to the claim took place within this district.

**FACTUAL ALLEGATIONS**

8. City of Waupun operates the City of Waupun Police Department and is responsible for setting policies for the transport of detainees and those in custody.

2

9. City of Waupun is required to establish and implement policies and procedures designed to protect those in custody from harm.

10. On or about November 18, 2017, Mitchell came into the Waupun Police Department to inform those present that he was suicidal and had attempted to hang himself.

11. Officer Grant Nass took Mitchell to the Waupun Memorial Hospital for an emergency evaluation.

12. After leaving Mitchell at Memorial Hospital, Nass verified that Mitchell had attempted to kill himself, by hanging.

13. Staff at Memorial Hospital determined that Mitchell was a danger to himself and that he was not free to leave of his own accord.

14. It was determined that Mitchell was to be transported to St. Agnes Behavioral Health in Fond du Lac, Wisconsin.

15. Navis was made aware of Mitchell's condition, that he was a danger to himself and that he was not to be released.

16. Navis was further entrusted to transport Mitchell to St. Agnes.

17. After leaving Memorial Hospital for St. Agnes, Mitchell asked Navis to let him out of the squad car so he could walk home to retrieve his vehicle and drive himself to St. Agnes.

18. Navis requested permission from Kreitzman to allow Mitchell to walk home.

19. On information and belief, Kreitzman also knew that Mitchell was a danger to himself and that he was not to be released.

20. Regardless, Kreitzman authorized Navis to release Mitchell.

21. Mitchell did not drive to St. Agnes. Instead, he retrieved his vehicle, drove to

Baron County and hanged himself.

22. No one from the Waupun Police Department followed or otherwise tracked Mitchell to ensure he went to St. Agnes.

23. At all times relevant hereto, the City of Waupun was aware that someone with Mitchell's condition and history was highly likely to harm himself if released.

24. The City of Waupun, as a matter of policy, failed to protect Mitchell. Instead, it placed Mitchell in a zone of danger.

25. Navis failed to protect Mitchell. Instead, he placed Mitchell in a zone of danger.

26. Kreitzman failed to protect Mitchell. Instead, he placed Mitchell in a zone of danger.

### CAUSE OF ACTION AGAINST CITY OF WAUPUN
### DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
### OFFICIAL CAPACITY CLAIM

27. Plaintiff states the preceding paragraphs as if set forth fully herein.

28. City of Waupun's knowing failure to have policies, procedures and / or protocols by which to protect those in custody with a substantial suicide risk by arranging for safe transport violated Mitchell's rights as set forth in the Fourth and Fourteenth Amendments to the United States Constitution, as such failure demonstrates a deliberate indifference to a known serious medical condition (suicide).

29. City of Waupun's conduct alleged in the previous paragraphs caused Mitchell severe and permanent physical, emotional, psychological and economic injuries, including death.

# CAUSE OF ACTION AGAINST NAVIS AND KREITZMAN
# DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
# INDIVIDUAL CAPACITY CLAIM

30. Plaintiff states the preceding paragraphs as if set forth fully herein.

31. By engaging in the conduct described in this Complaint, Navis and / or Kreitzman were deliberately indifferent to Mitchell's serious medical need (suicidality). Accordingly, they violated Mitchell's rights as protected by the United States Constitution, specifically the Fourth and Fourteenth Amendments, as applied to the states by 42 U.S.C. sec. 1983.

32. This deliberate indifference caused Mitchell severe and permanent physical, emotional, psychological and economic injuries, including death.

WHEREFORE, the plaintiff demands a trial by jury and the following relief:

1. Judgment in an amount sufficient to compensate the plaintiff for his injuries and losses;

2. Equitable relief designed to prevent future violations of the law;

3. Pre- and post-judgment interest;

4. An award of punitive damages;

5. An award of attorneys' fees and costs; and

6. Any other relief the Court deems just to award.

Dated this 11th day of March, 2021.

        GREGORY R WRIGHT LAW OFFICES, S.C.
        Attorneys for Plaintiff

        *s/ Erik C. Johnson*
        Attorney Erik C. Johnson
        SBN: 1049899

        50 W. Montello Street
        P.O. Box 280
        Montello, WI 53949-0280
        (608) 297-2134
        ejohnson@gregwrightlaw.com

Dated this 11th day of March, 2021.

        GINGRAS, THOMSEN & WACHS, LLP
        Attorneys for Plaintiff

        *s/ Paul A. Kinne*
        Attorney Paul A. Kinne
        SBN: 1021493
        Attorney Dana J. Wachs
        SBN: 1009908
        8150 Excelsior Drive
        Madison, WI 53717
        (608) 833-2632
        kinne@gtwlawyers.com
        wachs@gtwlawyers.com