# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESTATE OF RYAN J. MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF WAUPUN, MICHAEL NAVIS, and TREVOR KREITZMAN, <br><br> Defendants, | Case No. 21-CV-322-JPS <br><br><br> **ORDER** |

This case comes before the Court on Defendants' motion for judgment on the pleadings or, in the alternative, motion for summary judgment, filed on May 24, 2022. ECF No. 11. For the reasons explained below, the Court will deny the motion. Accordingly, the Court will also deny as moot Defendants' expedited motion to stay discovery. ECF No. 18.

## 1. BACKGROUND

### 1.1 Factual Background

The facts of this case are generally agreed upon, with some exceptions. On or about November 18, 2017, Ryan J. Mitchell ("Mitchell") entered the Waupun Police Department to inform those present that he was suicidal and that he had tied a noose to kill himself. ECF No. 1, ¶ 10. Officer Grant Nass ("Officer Nass") took Mitchell to Waupun Memorial Hospital ("Memorial Hospital") for an emergency evaluation. *Id.* ¶ 11. At Memorial Hospital, staff found that Mitchell was a danger to himself and that he was not free to leave of his own accord. *Id.* ¶ 13. The Physician's Final Report described Mitchell's symptoms as "severe." ECF No. 13-3. After leaving Mitchell at Memorial Hospital, Officer Nass verified that Mitchell had tied

a noose before he came into the Waupun Police Department. ECF No. 1, ¶ 12. Staff at Memorial Hospital determined that Mitchell was safe to travel, but they did not conclude that Mitchell was no longer a danger to himself.

Mitchell was allowed to leave Memorial Hospital to be transported by the Waupun Police Department, via police escort. This police escort was apparently considered to satisfy the Patient Transfer Form requirement that Mitchell be transferred by "qualified personnel." ECF No. 13-3. Mitchell was to be transported to St. Agnes Behavioral Health in Fond du Lac, Wisconsin. ECF No. 1, ¶ 14. The parties agree that, at the time Mitchell was to be transferred to St. Agnes, he was mentally ill and was a proper subject for treatment.

Officer Michael Navis ("Officer Navis") was to transport Mitchell to St. Agnes. *Id*. ¶ 16. While being transported to St. Agnes, Mitchell asked to be released so that he could walk home and retrieve his vehicle to drive himself to St. Agnes. *Id.* ¶ 17. Officer Navis asked Officer Trevor Kreitzman ("Officer Kreitzman") for permission to release Mitchell. Kreitzman granted Officer Navis permission to release Mitchell. *Id.* ¶ 20. Officer Kreitzman knew that Mitchell came into the Waupun Police Department to inform those present that he was suicidal and that he had tied a noose to kill himself. *Id*. ¶ 19. Officer Navis released Mitchell. Mitchell then drove to Barron County and committed suicide.

**1.2    Procedural Background**

On March 11, 2021, the Estate of Ryan J. Mitchell ("Plaintiff") filed a Complaint against the City of Waupun, Officer Navis, and Officer Kreitzman. ECF No. 1. The claims brought against Officer Navis and Officer Kreitzman are in their "individual capacities." *Id.*

Plaintiff alleges two causes of action against Defendants that purportedly arise from Mitchell's death, after Mitchell was discharged from Memorial Hospital on November 18, 2017. First, Plaintiff alleges that the City of Waupun's "knowing failure to have policies, procedures and/or protocols by which to protect those in custody with a substantial suicide risk by arranging for safe transport [following Mitchell's discharge from Memorial Hospital] violated Mitchell's rights as set forth in the Fourth and Fourteenth Amendments to the United States Constitution, as such failure demonstrates a deliberate indifference to a known serious medical condition (suicide)." *Id.* ¶ 28. Second, Plaintiff alleges that "Navis and/or Kreitzman were deliberately indifferent to Mitchell's serious medical need (suicidality)" following Mitchell's discharge from Waupun Memorial Hospital, and, "[a]ccordingly, they violated Mitchell's rights as protected by the United States Constitution, specifically the Fourth and Fourteenth Amendments, as applied to the states by 42 U.S.C. sec. 1983." *Id.* ¶ 31. Underlying both causes is Plaintiff's allegation that Defendants "failed to protect Mitchell" and "placed Mitchell in a zone of danger" following Mitchell's discharge from Memorial Hospital. *Id.* ¶¶ 23–25.

2. **ANALYSIS**

As an initial matter, it bears repeating that Defendants filed this motion, ostensibly one for judgment on the pleadings, on May 24, 2022. At that time, a mere week remained until the dispositive motion deadline set by the Court. The parties were on notice that they had until June 1, 2022, to file any dispositive motions in this case and to conduct any discovery necessary for any such motions. It strikes the Court as curious, at a minimum, that Defendants waited until the eve of the dispositive motion deadline to file a purported motion to dismiss, ostensibly because they had

not yet completed discovery (noting that, in the alternative, the motion is one for summary judgment). With that information in mind, the Court proceeds with its analysis.

Defendants' May 24, 2022 motion presents itself as one for judgment on the pleadings under Rule 12(c), or in the alternative, one for summary judgment. The Court must first address Plaintiff's contention that the motion should be "converted to a [Rule] 56 motion," in which case Plaintiff argues it should be allowed to conduct depositions before responding to the motion. ECF No. 15 at 1.

A proper motion for judgment on the pleadings is one made "early enough not to delay trial." Fed. R. Civ. P. 12(c) (emphasis added). A motion that is presented as a motion for judgment on the pleadings, but which presents facts from outside of the pleadings, should instead be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). In such a case, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* The issue is therefore whether Defendants referred to in their motion, and/or attached to their motion, information not presented in the pleadings.

In their brief, Defendants note that their statement of material facts was "developed and agreed upon by counsel for both parties." ECF No. 12 at 3 (citing J. Russell Decl., ECF No. 13). Plaintiff, in its response, asserts that that claim is "not accurate." ECF No. 15 at 4. Plaintiff claims that "[b]ecause the parties reached an impasse, there is no set of stipulated facts in this case." *Id.*

Setting aside the parties' apparent inability to agree on a statement of material facts, specifically at issue are several patient evaluation and discharge forms that Defendants assert were cited in Plaintiff's complaint,

making them eligible for consideration on a motion for judgment on the pleadings. Indeed, Defendants present facts regarding "Mitchell's evaluation and discharge from Waupun Memorial Hospital," claiming specifically that the documents underlying these facts are "referenced in Plaintiffs' Complaint" and therefore "are properly before the Court with regard to a Rule 12(c) motion or [sic] judgment on the pleadings." ECF No. 12 at 3, n.3. By way of second example, Defendants write that, "[a]t Memorial Hospital, staff found that the degree of Mitchell's psychiatric problem and suicidal ideation was severe." *Id.* at 3. For this assertion, Defendants cite a declaration of Joseph M. Russell (specifically, Exhibit C to that declaration, where the three aforementioned forms at issue can be found). *Id.*; ECF Nos. 13, 13-3.

In response, Plaintiff claims that no citation to or attachment of those discharge and evaluation forms was ever made in its complaint, nor were those forms referenced in or attached to Defendants' answer. ECF No. 15 at 4. Plaintiff is correct.

In support of their argument that the information contained in the discharge forms is eligible for presentation in their motion for judgment on the pleadings, Defendants cite the "incorporation by reference" exception to the general rule that courts, in evaluating such motions, are to consider only the information presented within the four corners of the complaint. ECF No. 12 at 3. The rule essentially provides that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The question is therefore whether the patient discharge forms, as relied upon by Defendants in their motion for judgment on the

pleadings, are "referred to in the plaintiff's complaint and [] central to [its] claim." *Id*. If so, they could be properly considered part of the pleadings and eligible for presentation in Defendants' motion for judgment on the pleadings—assuming, of course, that the motion was made "early enough not to delay trial" in the first place, which is highly questionable here. *See* Fed. R. Civ. P. 12(c).

The only references in the complaint to Mitchell's discharge generally are these: "Staff at Memorial Hospital determined that Mitchell was a danger to himself and that he was not free to leave of his own accord." ECF No. 1, ¶ 13; "It was determined that Mitchell was to be transported to St. Agnes Behavioral Health in Fond du Lac, Wisconsin." *Id.* ¶ 14. The discharge forms themselves are not referred to nor attached to the complaint—the circumstances of Mitchell's evaluation and discharge are only generally and briefly referenced, without citation to any specific document or authority. Therefore, this case is not like *Venture Associates*, where the plaintiff's complaint "referred to seven documents" and the defendant attached to its motion to dismiss "Venture's proposed letter of intent and the related letters [], all of which were referred to in the complaint." *Venture Assocs. Corp.*, 987 F.2d at 431 (emphasis added).

It is also worth noting that the incorporation by reference exception is a "narrow [one] aimed at cases interpreting, for example, a contract" and is "not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Defendants attempt to stretch the exception too far.

Because the patient evaluation and discharge forms themselves are neither referenced in nor attached to the complaint nor the answer, they are

Page 6 of 14
Case 2:21-cv-00322-JPS   Filed 08/25/22   Page 6 of 14   Document 21

not "incorporated by reference" in the pleadings and could not properly be presented in Defendants' purported motion for judgment on the pleadings. Therefore, Defendants' assertion that these "three pages of documents . . . are properly before the Court with regard to a Rule 12(c) motion" is incorrect. ECF No. 12 at 3. The documents appear only as contained within an exhibit to the declaration of Joseph M. Russell. They are neither attached to nor referenced in any of the pleadings.

In this scenario, there are various avenues the Court may take. Firstly, the Court could choose to exclude from its consideration the improperly presented documents while retaining the motion as one for judgment on the pleadings. Alternatively, the Court could include in its consideration the improperly presented documents and evaluate the motion as one for summary judgment. *See Levenstein*, 164 F.3d at 347.

Whether the opposing party requests that the court treat the motion as one for summary judgment is relevant to the court's determination. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 453 n.5 (7th Cir. 1998) ("On a motion for judgment on the pleadings, if the court does not exclude matters outside the pleadings from its consideration, it should convert the Rule 12(c) motion into a Rule 56 motion for summary judgment . . . . In this case, neither party requested . . . to convert the Rule 12(c) motion into a Rule 56 motion for summary judgment."). Furthermore, conversion of a motion for judgment on the pleadings into one for summary judgment is disfavored when: "(1) the motion comes quickly after the complaint was filed, (2) discovery is in its infancy and the nonmovant is limited in obtaining and submitting evidence to counter the motion, or (3) the nonmovant does not have reasonable notice that a conversion might occur." *Rubert-Torres ex rel. Cintron-Rupert v. Hosp. San Pablo, Inc.*, 205 F.3d

Page 7 of 14
Case 2:21-cv-00322-JPS   Filed 08/25/22   Page 7 of 14   Document 21

472, 475 (1st Cir. 2000) (quoting *Whiting v. Maiolini*, 921 F.2d 5, 6 (1st Cir. 1990)).

Here, Plaintiff asks that the Court consider only the facts within the complaint (i.e., that the Court exclude the improperly presented documents from its consideration) or, alternatively, that the Court convert the motion into one for summary judgment. To convert this motion into one for summary judgment requires affording all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Plaintiff specifically requests that, if the Court converts the motion to one for summary judgment, it be afforded an opportunity "to conduct depositions before responding to the motion." ECF No. 15 at 1.

The fact of the matter is this: Defendants submitted a motion for summary judgment disguised as a motion for judgment on the pleadings a mere week before the dispositive motion deadline and well over a year after the pleadings closed. This was ostensibly because Defendants sought to avoid the costs of conducting discovery. *See* ECF No. 16-1. In response, Plaintiff asks the Court to grant it additional time to conduct depositions to properly respond to that motion.

It has been over a year since the Court entered its Trial Scheduling Order. *See* ECF No. 9. This matter has been pending since March 11, 2021. The parties have had an abundance of time in which to conduct any discovery they thought appropriate. Indeed, nothing is keeping them from continuing to do so—the Court has set no date by which discovery must be completed.

Furthermore, the Court clearly stated in its Trial Scheduling Order that the parties would be required to meet and confer to create a single, agreed-upon statement of facts in contemplation of dispositive motions. *Id.*

at 2. There is now apparently a spat in which Defendants claim that the facts they reference in their motion were indeed agreed upon by the parties, and Plaintiff claims that this isn't true. The parties are aware that, for purposes of dispositive motions submitted to this Court, they needed to have met and conferred to agree to a stipulated set of facts. They apparently failed to do so. *See* ECF No. 15 at 4 ("Because the parties reached an impasse, there is no set of stipulated facts in this case."). It should go without saying that the Court has "neither the time, nor the inclination to act as a referee to every discovery spat between the parties." *Collins v. Midwest Med. Records Ass'n*, 2009 WL 606219, at *58 (E.D. Wis. Mar. 9, 2009). That statement extends to this dispute as well.

The Court further made clear that dispositive motions were due June 1, 2022, and that trial was scheduled for October 17, 2022. The Court has no intention of altering those dates to accommodate the parties' obvious lack of diligence in this case.

Both parties are in the wrong here. Plaintiff has had abundant time in which to conduct discovery to respond to any dispositive motion that might be filed. The parties made a decision to postpone deposing the Officers at issue in this case. *See* ECF No. 16-1 ("You do not want to take any depositions prior to the ruling on the motion to dismiss."). Plaintiff's request for additional time to conduct further discovery to respond to the motion is not well taken by the Court considering that the parties have had over a year to conduct discovery. The Court is not responsible for accommodating the fallout of the parties' decision, presumably to save costs, by failing to timely conduct necessary depositions. Defendants, similarly, ought not have waited until the eleventh hour to file their motion, nor should they have posed it as one for judgment on the pleadings, by

Page 9 of 14
Case 2:21-cv-00322-JPS   Filed 08/25/22   Page 9 of 14   Document 21

virtue of a questionable attempt at invoking the incorporation by reference doctrine.

Defendants should take note that motions for judgment on the pleadings, as clearly articulated in Federal Rule of Civil Procedure 12(c), are those made "early enough not to delay trial." Defendants conveniently omit any reference to that requirement in their memorandum in support of their motion. *See* ECF No. 12. Perhaps they wished to avoid the Court's attention being drawn to that requirement, considering that their purported motion for judgment on the pleadings was not expected to be fully briefed until mere months before the scheduled trial date of October 17, 2022.

There is little case law on the precise meaning of "early enough not to delay trial," but the circumstances here do not constitute a close case. *See PDX North, Inc. v. Comm'r N.J. DOL & Workforce Dev.*, 978 F.3d 871, 880 (3d Cir. 2020) ("[N]o trial date had been set—and therefore no trial date could have been delayed by [the motion for judgment on the pleading's] filing."); *CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz*, 830 Fed. Appx. 330, 333 n.2 (2d Cir. 2020) ("[W]e reject CVR's contention that the district court should have denied defendants' motion on timeliness grounds . . . . Here, no trial date had been set when defendants made their motion."). In the present case, not only had a trial date already been set at the time of Defendants' filing, but it had been set since July 30, 2021. *See* ECF No. 9.

The motion submitted by Defendants is not properly one for judgment on the pleadings, both because of its reliance on information outside of the pleadings and because it was not made "early enough not to delay trial," and therefore the Court will not consider it as such. This conclusion is bolstered by the fact that this case and its circumstances are not representative of those in which converting a motion for judgment on

the pleadings to a motion for summary judgment is disfavored—for example, where the complaint has only recently been filed, or where discovery is in its infancy and the nonmovant is limited in obtaining evidence to counter the motion. *See Rubert-Torres ex rel. Cintron-Rupert,* 205 F.3d at 475 (quoting *Whiting,* 921 F.2d at 6)).

Plaintiff correctly references Rule 12(d) as applicable if the Court analyzes the motion as one for summary judgment. As mentioned previously, Rule 12(d) requires in such a circumstance that all parties be given a "reasonable opportunity to present all the material that is pertinent to the motion." Importantly, the purpose behind requiring provision of this "reasonable opportunity" in such a case is to avoid the danger of "unfair surprise" to the opposing party where a motion is converted to one for summary judgment and the opposing party had no "fair notice of the pendency of [such a] motion." *Macklin v. Butler*, 553 F.2d 525, 529 (7th Cir. 1977); *Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir. 1982) ("A reasonable opportunity presupposes notice.").

"Whether the parties had an 'opportunity to respond necessarily turns on the way in which the particular case under consideration has unfolded.'" *Rubert-Torres ex rel. Cintron-Rupert*, 205 F.3d at 475 (quoting *Whiting,* 921 F.2d at 6). Critically, "[e]xplicit notice is not required." *Id.* If the opposing party is on constructive notice that conversion of the motion to one for summary judgment could occur, that is sufficient for purposes of the required notice under Rule 12(d).

Notice to the parties of the potential for conversion was not lacking here. It is true that a party's requesting the Court to consider a motion alternatively as one for summary judgment is, by itself, insufficient for purposes of establishing the required notice in this circumstance. *R.J.*

*Corman Derailment Servs., L.L.C. v. Int'l Union, Local Union 150,* 335 F.3d 643, 649 (7th Cir. 2003) ("The fact that Corman had asked that his own motion for a preliminary injunction be considered in the alterative as a motion for summary judgment does not mean that it was on notice of the fact that a motion the Union never filed might also be treated as a motion for summary judgment."). But the parties here had notice beyond the mere title of the motion including the words summary judgment.

This is not a situation in which the opposing party was unaware that the motion to be filed might be one for summary judgment. The emails submitted by counsel for Plaintiff clearly show the known possibility, if not likelihood, of the motion being one for summary judgment, despite the Defendants' referring to it as one for judgment on the pleadings. ECF No. 16-1 ("You plan to present matters outside the pleadings, and that means the motion would be treated as one under Rule 56; in other words, a motion for summary judgment;" "If [your clients] are going to cite to the record in the dispositive motion, then they are filing a motion for summary judgment under Rule 56. That appears to be what you are proposing."). There is no danger of "unfair surprise" to Plaintiff because Plaintiff explicitly acknowledged that the motion to be submitted by Defendants appeared to be one for summary judgment and could be considered by this Court as such. Plaintiff had fair notice that the motion being submitted by Defendants would potentially, if not likely, be treated as one for summary judgment by the Court.

Plaintiff has therefore already been afforded the required "reasonable opportunity" to conduct the depositions it claims are necessary to respond to a motion for summary judgment. Plaintiff at any time during the pendency of this action, and the pendency of this motion specifically,

could have undertaken this discovery, and Plaintiff remains free to do so as no discovery deadline was ever imposed. And Plaintiff furthermore retains the opportunity to present pertinent materials—at trial, as scheduled. *See Lisle v. Metro. Gov't of Nashville and Davidson Cnty.*, 73 Fed. Appx. 782, 790 (6th Cir. 2003) (asserting that even if a court fails to give notice and opportunity to respond following conversion of a motion for judgment on the pleadings to one for summary judgment, it will not constitute reversible error where all parties in fact had a sufficient opportunity to present pertinent materials).

Even more fundamentally, this motion cannot be granted as one for summary judgment because the parties clearly dispute material facts in this case. Granting summary judgment is not only inappropriate where the parties disagree as to the basic facts, but it is also inappropriate where the parties disagree about the "inferences to be drawn from [] undisputed facts." *Bowyer v. United States Dep't of Air Force*, 804 F.2d 428, 430 (7th Cir. 1986) (citing *Stewart v. RCA Corp.*, 790 F.2d 624, 628 (7th Cir. 1986)).

That granting the motion would be inappropriate here is evidenced by the fact that the parties were ordered to meet and confer to create a joint stipulated statement of facts and were unable to agree on multiple facts at issue in the case. *See* ECF No. 16-1 ("While we could stipulate to some of the facts, we can't stipulate to most of them;" "I still can't agree to your proposed facts 20-25."). Specifically, the parties appear to be in dispute as to the extent of the Officers' knowledge about Mitchell's condition, whether Mitchell's departure from the hospital was conditional on Waupun Police Department transporting him, and whether Mitchell was under the Officers' custody. *Id.* ("[W]e cannot stipulate to him not being under

arrest."). These issues are material since they go to Plaintiff's claims of deliberate indifference to a serious medical need on the part of Defendants.

3. **CONCLUSION**

For the reasons stated herein, the Court will deny Defendants' motion for judgment on the pleadings or, in the alternative, motion for summary judgment. The Trial Scheduling Order as enunciated by the Court at ECF No. 9 stands, and the parties have until trial to conduct any necessary discovery. Finally, the Court will deny Defendants' motion to stay discovery, ECF No. 18, as moot.

Accordingly,

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings or, in the alternative, motion for summary judgment, ECF No. 11, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendants' motion to stay discovery, ECF No. 18, be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge